UNITED STATES of America,
Plaintiff–Appellee,

v.

Carl Edward JOHNSON, Defendant–
Appellant.

No. 99–30196.
D.C. No. CR–98–05393–RJB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2000.

Decided Oct. 4, 2000.

Appeal from the United States District Court for the Western District of Washington, Robert J. Bryan, District Judge, Presiding.

Before SCHROEDER, BEEZER, and HAWKINS, Circuit Judges.

MEMORANDUM[1]

Carl Edward Johnson appeals his conviction for obstruction of justice by threat

1. This disposition is not appropriate for publication and may not be cited to or by the

of death against a judicial officer in violation of 18 U.S.C. § 1503, retaliation against a judicial officer in violation of 18 U.S.C. § 115, and sending threatening communications in interstate or foreign commerce in violation of 18 U.S.C. § 875(c). He argues that the district court erred by (1) denying his motion to appear pro se; and (2) concluding that his e-mail communications were not protected by the First Amendment. We have jurisdiction under 28 U.S.C. § 1291.

Under *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), a criminal defendant has a Sixth Amendment right to self-representation if he voluntarily, unequivocally, knowingly, and intelligently waives his right to counsel. We conclude that the trial judge had adequate grounds to deny Johnson's motion to appear pro se.

First, the record indicates the equivocal nature of Johnson's request. At several key moments, Johnson had an opportunity to waive his right to counsel unequivocally. He failed to do so, and his responses to questions suggested that he expected to be represented or assisted by counsel at trial.

Second, Johnson's stated mental disorders raised serious concerns about whether his decision was "knowingly and voluntarily" made. Among other disorders, Johnson admitted that he had psychological problems that could sometimes make him do things involuntarily.

Finally, the trial court granted Johnson considerable latitude in conducting his own defense. The court permitted Johnson personally to cross-examine every government witness whom he asked to cross-examine, and allowed him to file supplemental motions and briefs.

We find that the combination of these factors satisfies the commands of *Faretta*. Johnson's right to self-representation was not violated.

Johnson's second claim also fails. In general, true threats are not protected by the First Amendment. *See Watts v. United States*, 394 U.S. 705, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969). This court has held that a statement is a true threat "where a reasonable person would foresee that the listener will believe he will be subjected to physical violence upon his person." *United States v. Orozco–Santillan*, 903 F.2d 1262, 1265–66 (9th Cir.1990). We review for clear error the factual question of whether a communication was a true threat. *See Melugin v. Hames*, 38 F.3d 1478, 1485 (9th Cir.1994).

In this case, the trial court properly stated the appropriate definition of a true threat, and we can find no clear error in its factual findings.

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.